# UNITED STATES DISTRICT COURT.

THE PROVIDENCE COUNTY SAVINGS BANK, OLNEY ARNOLD and
ALFRED H. LITTLEFIELD agt. JONATHAN T. FROST, as trustee
in bankruptcy of Elias Hotchkiss, and THE UNITED STATES
TRUST COMPANY OF NEW YORK.

*Promissory notes, made payable, dated and indorsed in this state, sent by the
maker to another state, where they are discounted for him, the contract made
by the maker by means of the notes is made in the other state.*

Where E. H., a resident of New York, made five promissory notes, dated
March 14, 1873, and payable one year after date, to the order of O. A.,
at the Bull's Head Bank, New York, and indorsed by O. A. & A. H. L.,
both residents of Rhode Island, two for .$12,500 each, one for $3,000,
and two for $1,500 each. To secure the payment of the whole sum,
$31,000, the maker executed and delivered a chattel mortgage to O. A.,
bearing even date with the notes, upon his hotel property in New York.
For the three notes amounting to $28,000, the bank in Rhode Island that
discounted them for the maker gave, at its place of business, for him, the
sum of $25,000, the note for $3,000 representing the interest on the
$25,000 for one year. The two notes for $1,500 each were made as com-
pensation to O. A. & A. H. L. severally, for indorsing the three notes which
the bank discounted. O. A. acted as agent of the maker in getting the dis-
count. The indorsements were made after the arrangement with the
bank for discounting, but before the $25,000 was paid over for the
maker.
*Held*, that the contracts made by the maker, by means of the notes, were
made in Rhode Island, and not in New York. In legal effect, he made
the notes in Rhode Island at the time when the three notes were passed
and discounted by the bank. As the rate of interest taken upon the
discounting of the whole five notes was lawful according to the laws of
that state, the whole transaction was valid.

*Southern District of New York, January,* 1876.

THIS is a suit in equity brought to establish a claim for
$31,000 and interest against the estate of Elias Hotchkiss, a

bankrupt, adjudicated such by this court, and to have applied to the payment of such claim the proceeds of certain property which are on deposit subject to the control of this court as a court of bankruptcy.

*F. N. Bangs*, for plaintiffs.

*J. E. Ludden*, for trustee.

*Van Winkle, Candler & Jay*, for United States Trust Company.

BLATCHFORD, *J.* — The claim arises upon five promissory notes made by the bankrupt. Two of them, for $12,500 each, and one of them for $3,000, are held and owned by the Providence County Savings Bank, one of the plaintiffs, which is a corporation created under the laws of Rhode Island, and located and doing business in that state. The fourth note, for $1,500, is held and owned by the plaintiff Arnold ; and the fifth note for $1,500, is held and owned by the plaintiff Littlefield. The five notes are all of them dated "New York, March 14, 1873," and payable one year after date "to the order of Olney Arnold," at Bull's Head Bank, and signed by Elias Hotchkiss and indorsed "Olney Arnold" and "A. H. Littlefield." Arnold and Littlefield were duly charged as indorsers upon the three notes held by the bank. Arnold was duly charged as indorser upon the note held by Little-field, and Littlefield was duly charged as indorser upon the note held by Arnold. To secure the payment of these five notes, Hotchkiss executed and delivered to Arnold on the 14th of March, 1873, a chattel mortgage, which was filed on the next day in the office of the register of deeds, &c., of the city and county of New York, covering certain property then in a hotel kept by Hotchkiss in the city of New York. Hotchkiss resided in New York and signed the notes and mortgage there. Arnold and Littlefield resided in Rhode

Island.   The mortgaged property has been sold by this court as a court of bankruptcy, and the disposition of the proceeds, which are on deposit in the United States Trust Company, depends upon the result of this suit.   The defendant Frost, who is the trustee in bankruptcy of Hotchkiss, claims that the transaction was a New York transaction and is void for usury.   The plaintiffs claim that it was a Rhode Island transaction and valid.

For the three notes held by the bank, amounting to $28,000, it gave, at its place of business in Pawtucket, Rhode Island, the sum of $25,000, the note for $3,000 representing the interest on the $25,000 for one year.   It gave that sum as discounting the three notes for Hotchkiss, and not for the indorsers.   The application to the bank for the discount was made at the bank in Rhode Island by Arnold in person, who was treasurer of the bank and one of its trustees, and who stated at the time that the application was made on behalf of Hotchkiss.   Hotchkiss was not in Rhode Island personally. Littlefield was one of the trustees of the bank.   The two notes for $1,500 each were made as compensation to Arnold and Littlefield severally for indorsing the three notes which the bank discounted.   The five notes were indorsed in Rhode Island by Arnold and by Littlefield.   The discount was arranged for with the bank before the notes were indorsed, and the $25,000 were paid by the bank after the notes were indorsed.   Littlefield's indorsement on each note follows that of Arnold.   He did not give Arnold anything for the notes in money or otherwise, nor did he give Hotchkiss any thing for the notes.   At the time Arnold and Littlefield agreed in writing with each other, that they should be holders to each other equally for the five notes, and should share equally any loss upon the notes, and that the mortgage, though made in the name of Arnold, should be held as security for the benefit of both of them equally.   Littlefield knew at the time that the notes were discounted by the bank for Hotchkiss.   It was understood at the time by Littlefield

that there was no consideration for the notes as between Arnold and Hotchkiss, and such was the fact.

On these facts it must be held that the contracts made by Hotchkiss, by means of the notes, were made in Rhode Island and not in new York. The case is entirely like that of *Tilden* agt. *Blair* (21 *Wallace*, 241). Hotchkiss made the notes in New York, and it may be conceded, for the purposes of this case, that the notes were made payable at a bank in New York; but the notes were not operative notes, as against Hotchkiss, until the three which the bank discounted were negotiated. Hotchkiss sent these three notes to Rhode Island to have them there indorsed and negotiated. The form of the notes and of the mortgage shows that Hotchkiss constituted Arnold his agent to accomplish that result. While the three notes, which the bank discounted, remained in the hands of Arnold, Hotchkiss was not holden upon any contract. Arnold had no rights as against Hotchkiss, but he was authorized to procure the three notes to be discounted, and thereby to initiate a liability not only of himself as indorser but of Hotchkiss. It is, therefore, immaterial that Hotchkiss resided in New York, or made the notes in New York, or made them payable in New York. In legal effect he made the notes in Rhode Island at the time when the three notes were passed to and discounted by the bank. Before the notes had any operation, or became notes, Hotchkiss had sent them to Rhode Island to have the three notes discounted there, and, it must be presumed, at such a rate of discount as by the law of that state was allowable. The rate in fact reserved was lawful in Rhode Island; and the transaction being lawful and valid as to the three notes discounted by the bank is lawful and valid as to the other two notes.

There must be a decree that the notes in question are valid and provable against the estate of Hotchkiss as debts secured by the mortgage in question; that the bank is entitled to have the funds in question applied first toward paying the

Providence County Savings Bank agt. Frost.

the notes for $28,000, and with interest thereon at the rate of six per cent per annum; that Arnold and Littlefield are entitled to have the residue of such funds applied toward the payment of the two notes held by them, with like interest, share and share alike; that Arnold and Littlefield are entitled to be admitted as general creditors .for such balances, if any, as shall remain unpaid of their respective claims; and that the costs of the plaintiffs and of the United States Trust Company be paid out of the general funds of estate in the hands of the trustee.

NOTE.— *It would seem* to a person not familiar with the usury laws of other states that a *bonus* of $6,000, paid to get an accommodation note discounted for $25,000, for one year, was some evidence of usury in any state where such contract was made. United States courts, however, are the proper forums to settle such questions.—[REP.